Allerton J. McEwan v. Commissioner.
McEwan v. Commissioner
Docket No. 47511.
United States Tax Court
T.C. Memo 1956-27; 1956 Tax Ct. Memo LEXIS 268; 15 T.C.M. (CCH) 128; T.C.M. (RIA) 56027; January 31, 1956
*268 Philip J. Smith, Esq., 350 Fifth Avenue, New York, N. Y., for the petitioner. James E. Markham, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax for the year 1947 in the amount of $15,929.17. Many of the facts have been stipulated by the parties and such facts are incorporated herein by reference as part of our findings. The sole issue is the basis of 90 shares of stock of McEwan Brothers, a New Jersey corporation, which petitioner sold in 1947. He had acquired 87 1/2 shares of that stock under the will of his grandfather, who died on February 19, 1937, and, at or about the same time, he acquired by gift 1 1/2 shares from his brother and 1 share from his mother. [1] The total number of shares issued and outstanding at all times material was 5,000. *269 In the estate tax return filed by the estate of petitioner's grandfather, the stock was valued at $75 per share. The Commissioner proposed to increase that value to $203.40 per share, and the matter was finally settled by fixing a value of $177.70 per share. [Findings of Fact] On December 19, 1946, petitioner, together with all other stockholders of McEwan Brothers, contracted to sell all of the 5,000 issued and outstanding shares to Anthony Desiderio for $900 per share. The purchaser controlled a competing corporation engaged in the same business, namely, that of manufacturing and selling paper board. The sale was consummated early in 1947. The principal crucial fact in determining the basis of the shares acquired from petitioner's grandfather's estate is their fair market value as of February 19, 1937. The determination of deficiency is based upon a valuation of $177.70 per share. Petitioner sought to prove a value of about $900 per share, whereas the Government introduced evidence at the trial showing a value of $150 a share. Petitioner's evidence was most unsatisfactory. The conclusions reached by petitioner's expert witness, who appeared to have a stake in the outcome *270 of the litigation, was based upon many highly doubtful assumptions which were pyramided upon one another. We do not have confidence in those conclusions. For example, one consideration that the witness failed to take properly into account was that the shares in question represented less than two per cent of the outstanding stock in a closely held corporation and that a willing buyer undoubtedly would not have been eager to purchase a minority interest in such an enterprise where there was poor management. That the management was far from satisfactory is amply shown by the evidence, and we cannot take seriously in the circumstances of this case the suggestion of the expert witness that a prospective purchaser of so small a minority interest might have wished to acquire it for its nuisance value. [Opinion] We do not find it necessary to recount the evidence. We have given careful consideration to all of it; it is our best judgment that the shares of stock owned by petitioner had a fair market value of $177.70 at the time he acquired them, and we so find as a fact. One upward adjustment must be made, however, in the basis of petitioner's shares. After the death of his grandfather *271 certain litigation arose in which his right to the shares was challenged, and attorney's fees in the total amount of $7,151.67 were paid by petitioner and his brother for services rendered in that litigation. Petitioner bore onehalf the burden of those fees. His share of the fees represented a capital expenditure incurred in connection with perfecting his right to the shares, and therefore must be added to basis. Decision will be entered under Rule 50. Footnotes
1. The brother acquired his 1 1/2 shares from his grandfather at the grandfather's death, and since petitioner succeeded to his brother's basis as to those shares, a finding of value as of the grandfather's death would be dispositive of the basis issue as to the 87 1/2 shares and the 1 1/2 shares. However, the record does not disclose how or when the mother acquired her one share, and in the absence of any evidence as to the basis of that share the Commissioner's determination must be approved as to that share for failure of proof.↩